IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELIJAH JACKSON, JR., FL ID #979922, | ) ) ) | CIV. NO. 19-00380 SOM-RT |
| Plaintiff, | ) ) | ORDER DISMISSING ACTION PURSUANT TO 28 |
| vs. | ) ) | U.S.C. § 1915(g) |
| MAGOON ESTATES LTD., et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is pro se Plaintiff Elijah Jackson, Jr.'s first amended complaint ("FAC"), brought pursuant to 42 U.S.C. § 1983.[1] ECF No. 5, at PageID #42. Jackson, who is a Florida state prisoner, has submitted neither the civil filing fee for commencing this action nor an *in forma pauperis* ("IFP") application. Jackson seeks relief regarding injuries he claims that he incurred in an automobile accident in Hawaii on or about March 19, 1985. *See* FAC., ECF No. 5. Jackson states that he reached a settlement in a prior suit regarding the accident, but he now seeks additional damages. He asserts federal question jurisdiction under 28 U.S.C. § 1331, although he suggests diversity jurisdiction may be proper.

---

[1] Because an amended pleading generally supersedes a previous pleading, the court confines its review to allegations in the FAC. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Jackson's Amended Complaint appears identical to his original Complaint, except for its title.

Jackson has accrued three strikes pursuant to 28 U.S.C. § 1915(g) and has had ample notice of these strikes.[2] He may not proceed without concurrent payment of the filing fee unless his pleadings show that he was in imminent danger of serious physical injury at the time that he brought this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007). Nothing within the Complaint remotely suggests that Jackson is or was in imminent danger of serious physical injury when he filed this action, certainly not based on an automobile accident that allegedly occurred thirty-four years ago. Nor is there any allegation of a continuing practice that, having injured him in the past and being related to his claims against these Defendants, poses an "ongoing danger" to him. *Id.* at 1056. Jackson may not proceed in this action without concurrent payment of the civil filing fee.

Further, to the extent Jackson's claims make any sense, the court lacks subject matter jurisdiction over them. *See Deutsche Bank Nat'l Tr. Co. for Harborview Mortg. Loan Tr. 2007 v. Cutlip*,

---

[2] *See, e.g.*, *Jackson v. Weiss*, No. 8:2003-cv-02070 (M.D. Fla., Oct. 6, 2003) (dismissing for failure to state a claim); *Jackson v. Aurora Loan Serv.*, No. 8:2004-cv-02790 (M.D. Fla., Dec. 29, 2004) (dismissing for failure to state a claim); *Jackson v. Weiss*, No. 8:2011-cv-00646 (M.D. Fla., Mar. 4, 2011) (dismissing for failure to state a claim); *Jackson v. Lewis*, 8:2016-cv-00559 (M.D. Fla., Mar. 11, 2016) (listing prior strikes and dismissing pursuant to § 1915(g)). Each of these cases indicates Jackson's Florida prison identification number, 97922, which is the number Jackson provides in his pleadings.

2017 WL 993073, at *2 (N.D. Cal. Mar. 15, 2017) (explaining the difference between federal question and diversity jurisdiction). To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Jackson asserts only state law tort claims, including negligence and medical malpractice, and does not allege or explain how any named Defendant was acting under color of state law. Even a liberal construction of his claims does not reveal any basis for federal question jurisdiction. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("[F]ederal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983).").

Additionally, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332(a), because Jackson names several Defendants he describes as citizens of Florida, where he is incarcerated. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.").

Thus, even if Jackson were able to pay the costs of this suit, this court would lack subject matter jurisdiction to hear his claims.

**CONCLUSION**

(1) This action is DISMISSED without prejudice but without leave to file any new action in this court with respect to these claims and these Defendants.

(2) The July 15, 2019 Deficiency Order, ECF No. 3, is VACATED.

(3) Any pending motions are DISMISSED. The court will take no action on any documents filed hereafter, beyond processing a notice of appeal.

(4) The Clerk of Court is DIRECTED to enter judgment and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; July 30, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Jackson v. Magoon Estates Ltd., et al.,* No. 19-cv-00380 SOM-RT; 3 stks '19 (no imm. dgr, no juris.)